# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE B. MILAN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-2676** |
| | : | |
| **BRIAN DEVER,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 20th day of November, 2020, upon consideration of Plaintiff Eddie B. Milan's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 4), *pro se* Complaint (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3) it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Eddie B. Milan, #1859, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Milan's inmate account; or (b) the average monthly balance in Milan's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Milan's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Milan's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

     3.     The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Chester County Prison.

     4.     The Complaint is **DEEMED** filed.

     5.     The Complaint is **DISMISSED IN PART** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

        a. Milan's claims against the Oxford Borough Police Department, the West Fallowfield Police Department, the Avondale State Police Barracks, as well as Corporal James Wisnieski and Officers John Doe Number 3 and Number 4 of the of the Avondale State Police Barracks in their official capacities are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is **DIRECTED** to **TERMINATE** the Oxford Borough Police Department, the West Fallowfield Police Department, and the Avondale State Police Barracks from the docket.

        b. Milan's official capacity claims against the local police officers named as Defendants are **DISMISSED WITHOUT PREJUDICE** at this time.

     6.     Milan's remaining claims under the Fourth and Fourteenth Amendments brought against the local police officers in their individual capacities regarding the attempted stop, the police vehicle pursuit, false arrest, false imprisonment, excessive force, and malicious prosecution are **STAYED** until Milan informs the Court that his related criminal case in the

Court of Common Pleas for Chester County has been resolved.[1]  Following resolution of his criminal case, Milan may file a motion to reopen this matter.

7. Milan's Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**.

8. The Clerk of Court is **DIRECTED** to **CLOSE** this case for statistical purposes.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**

---

[1] Milan asserts constitutional claims based on an attempt stop, police vehicle pursuit, false arrest, false imprisonment, excessive force, and malicious prosecution in connection with charges that are pending against him in the Court of Common Pleas for Chester County.  *See Commonwealth v. Milan*, CP-15-CR-0003459-2019 (Chester C.P. at 1, 16-17.)  As that criminal proceeding is ongoing in state court, the Court will stay these remaining claims in this case until the underlying criminal case has been resolved.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").